# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 16-01335 |
| NICHOLAS S. GOULETAS, | ) | Hon. Timothy A. Barnes |
| | ) | Hearing Date: August 16, 2017 |
| Debtor. | ) | Hearing Time: 10:00 a.m. |

## NOTICE OF MOTION

TO:   See attached service list

**PLEASE TAKE NOTICE** that on **August 16, 2017 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Timothy A. Barnes** in Courtroom 744, Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois and shall present the **Trustee's Motion to Approve Sale of Interests in Personal Property and Related Relief**, a copy of which is attached and served upon you, and move for the entry of an order in conformity with the pleadings.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

>Richard M. Fogel (#3127114)
>Shaw Fishman Glantz & Towbin LLC
>321 North Clark Street, Suite 800
>Chicago, IL 60654
>(312) 276-1334

## CERTIFICATE OF SERVICE

Richard M. Fogel certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the attached service list electronically or by U.S. Mail, as indicated, on July 24, 2017.

>/s/ Richard M. Fogel

## ELECTRONIC SERVICE LIST

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Frederick D. Armstrong
armstronglaw@sbcglobal.net

Troy M. Sphar
tsphar@smbtrials.com

## U.S. MAIL SERVICE LIST

Nicholas S. Gouletas
111 E. Chestnut, Unit 28K
Chicago, IL 60611

800 South Wells Commercial LLC
D.A.N. Joint Venture III, L.P.
100 North Center Street
Newton Falls, OH 44444

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

2625 North Clark Condominium Association
c/o Johnson & Sullivan, Ltd
11 East Hubbard, Suite 702
Chicago, IL 60611

Quantum3 Group LLC
as agent for CP Medical LLC
PO Box 788
Kirkland, WA 98083-0788

Pierce R. and Claudia B. Ennessy
296 Aspen Lane
Highland Park, IL 60035

American InfoSource LP
As agent for DIRECTV, LLC
PO Box 5008
Carol Stream, IL 60197-5008

The Private Bank
c/o Autumn L. Sharp
Carlson Dash LLC
216 S. Jefferson Street, Suite 504
Chicago, IL 60661

Guaranty Solutions
c/o Mages & Price LLC
707 Lake Cook Road, Suite 314
Deerfield, IL 60015-5613

Guaranty Solutions, LLC
c/o Mages & Price LLC
1110 Lake Cook Road, Suite 385
Buffalo Grove, IL 60089

William and Edith Apostal
2537 N. Burling Street
Chicago, IL 60614

Hoogendoorn & Talbot LLP
122 S. Michigan Avenue, Suite 1220
Chicago, IL 60603

Novack and Macey LLP
100 N. Riverside Plaza
Chicago, IL 60606

James A. West
606 W. 18th St., Unit 6
Chicago, IL 60616

Peter A. Apostal
340 E. Randolph Street #3606
Chicago, IL 60601

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 16-01335 |
| NICHOLAS S. GOULETAS, | ) | Hon. Timothy A. Barnes |
| | ) | Hearing Date: August 16, 2017 |
| Debtor. | ) | Hearing Time: 10:00 a.m. |

## TRUSTEE'S MOTION FOR APPROVAL OF SALE OF INTERESTS IN PERSONAL PROPERTY AND FOR RELATED RELIEF

Pursuant to 11 U.S.C. §§ 105(a) and 363 and Fed. R. Bankr. P. 2002 and 6004, Richard M. Fogel, not individually but as Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Nicholas S. Gouletas (the "Debtor") hereby requests that this Court enter an order that provides the Trustee with the following relief:

- Approves and authorizes the sale by the Trustee of the Estate's interest in certain personal property to D.A.N. Joint Venture III, L.P., or its assignee ("DJV") for the sum of $15,000.00, as more particularly described below;

- Authorizes the Trustee to execute certain documents to effectuate the proposed sale; and

- Provides the Trustee with such other and further relief as may be appropriate under the circumstances and to which the Trustee may be entitled.

In support of this motion, the Trustee respectfully represents as follows:

### Background

1. On January 17, 2016 (the "Petition Date"), the Debtor filed a voluntary Chapter 7 bankruptcy case in this Court (the "Case").

2. On the Petition Date, the Trustee was appointed as the Chapter 7 trustee to administer the Estate.

3. Prior to the Petition Date, the Debtor was a real estate developer and, as set forth in his Schedule of Assets, B. 19, pp. 11-36 [Dkt. No 15] and his Statement of Financial Affairs,

No. 27, pp. 105-130 [Dkt. No. 15], owned and operated a multitude of business entities that owned, developed and managed real estate projects (collectively, the "Business Entities").[1]

4. Prior to the Petition Date, the Debtor was named as a defendant in a multitude of lawsuits relating to some of the real estate projects, as set forth in his Statement of Financial Affairs, No. 9, pp. 91-93. In some of the actions, judgments were entered against the Debtor and citation liens were obtained by the judgment creditors.

5. The bar dates for filing claims against the Estate was June 3, 2016 for general creditors and July 15, 2016 for government creditors.

6. This Court has core subject matter jurisdiction to hear and resolve this motion pursuant to 28 U.S.C. §§ 1334(b), 1334(e), 157 (b)(2)(A), 157(b)(2)(M), 157(b)(2)(N), 157(b)(2)(O) and applicable local rules regarding the referral of cases under title 11 of the United States Code to this Court.

### The Proposed Sale of Assets

7. Prior to the Petition Date, it appears that the Debtor transferred, or caused one or more of his business entities to transfer, certain personal property to family members, including but not limited to,:

    a. Approximately $51,000 in cash to his wife, Natel Matschulat ("Matschulat"), on or about September 5, 2014 (the "Matschulat Transfer"); and

    b. Membership interests in NKM Garvey LLC ("NKM") and SEG Garvey LLC ("SEG") to Matschulat, his children and other family members (collectively, the "Garvey Transfers").

8. The Trustee received an offer from DJV[2], in the amount of $15,000.00, to purchase:

---

[1] The Trustee was authorized to abandon the Estate's interest in the Business Entities pursuant to order of Court dated November 29, 2016.

[2] DJV is the owner of 800 South Wells Commercial LLC, the Debtor's largest unsecured non-priority creditor.

a. Any and all claims and causes of action of any nature or form whatsoever (except for non-assignable Bankruptcy Code claims), whether common law, statutory, equitable or otherwise in nature, that the Trustee asserted or could have asserted for or on behalf of the Estate, including, without limitation, claims for fraudulent transfers, breach of fiduciary duties, tort, breach of contract, refunds, reimbursement, indemnification, contribution, constructive trusts, equitable relief, accounting, injunctive relief, attorneys' fees, court costs, or any other claim or cause of action of any nature or form whatsoever, including, without limitation, the Matschulat Transfer and the Garvey Transfers (collectively, the "Litigation Claims"), and

b. Any and all claims and causes of action of any nature or form whatsoever by the Estate that any corporations, LLCs, limited partnerships, trusts, and any other entities of any nature or form whatsoever (a) are, were or have been used for an improper purpose; (b) are, in fact, the alter-egos or reverse alter-egos of the Debtor; or (c) are shams to thwart, deceive, hinder, and/or delay the Debtor's creditors (collectively, the "Alter-Ego Claims").

9. A copy of the offer is attached to this motion as <u>Exhibit A</u>.

10. The Trustee is of the opinion that Matschulat, the children and the other family members may be able to assert defenses to the Litigation Claims and he is of the opinion that the Alter-Ego Claims do not have significant value to the Estate.

**Relief Requested**

11. The Trustee asserts that the Litigation Claims and the Alter-Ego Claims are property of the Estate in accordance with the provisions of 28 U.S.C. § 1334(e) and 11 U.S.C. § 541(a).

12. Pursuant to the provisions of 11 U.S.C. §363(b) (1), the Trustee seeks authority to sell the Litigation Claims and the Alter-Ego Claims for the benefit of the Estate to DJV for $15,000.00, subject to all liens, claims and encumbrances. In his business judgment, the offer is fair and reasonable and is a better alternative than abandonment of the claims. The Trustee does not believe that he could receive a substantially higher offer for the Litigation Claims and the

Alter-Ego Claims through a public sale or any other means of disposition, given the nature of the assets.[3]

13. Section 363(b) (1) authorizes a trustee to "use, sell, or lease, other than in the ordinary course of business, property of the estate," after notice and a hearing. 11 U.S.C. §363(b)(1).

14. Courts generally approve sales outside of the ordinary course of business under § 363(b) (1) whenever such a sale is in the best interests of the estate. *See, In re Telesphere Communications, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1994); *In re Apex Oil Co.*, 92 B.R. 847, 866 (Bankr. E.D. Mo. 1988). Ordinarily, this standard requires: (i) an articulated business justification for the sale; and (ii) evidence that the sale occurred in good faith. *See, In re Shary*, 152 B.R. 724, 725 (Bankr. N.D. Ohio 1993), citing, *In re Met-L-Wood Corp.*, 861 F.2d 1012 (7th Cir. 1988), *cert. denied*, 490 U.S. 1006, 109 S. Ct. 1642, 104 L.Ed.2d 157 (1989)); *see also, Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991) (sale under §363 involves exercise of fiduciary duty and requires an "articulated business justification").

15. In addition to seeking authority to sell the Litigation Claims and the Alter-Ego Claims, the Trustee requests authority to execute and deliver to DJV any documents necessary to transfer the Estate's interest in the assets.

### Notice

16. The Trustee has served a copy of the motion on 21 days' notice on the Debtor, the United States Trustee, all of the creditors that have filed proofs of claim against the Estate and all counsel of record.

17. The Trustee requests that the Court consider such notice to be adequate and sufficient under the circumstances, given the nature of the relief sought.

---

[3] The Trustee had been advised by former counsel for the Debtor that neither Matschulat nor the other family members were interested in making a higher offer for the Litigation Claims and the Alter-Ego Claims.

WHEREFORE, the Trustee respectfully requests that this Court enter the proposed order: (i) finding that notice of the hearing on the motion, as described herein, is sufficient; (ii) authorizing and approving the Trustee's proposed sale of the Litigation Claims and the Alter-Ego Claims to DJV for $15,000.00, as set forth in the motion; (iii) authorizing the Trustee to take all further actions and execute and deliver any documents necessary to consummate the transaction described herein; and (iv) providing such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

Dated: July 24, 2017 /s/ Richard M. Fogel, Trustee

Richard M. Fogel (#3127114)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
(312) 276-1334