**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Case No. 16 B 01335 |
| | ) | |
| NICHOLAS S. GOULETAS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | Hearing Date and Time: |
| | ) | December 19, 2017 |
| | ) | 10:00 a.m. |

**OBJECTION TO MOTION OF ABBACLE, LLC, ET AL**
**TO MODIFY AUTOMATIC STAY**

Now comes American Invsco Corporation ("Objector") by its attorney, Richard H. Fimoff and for its objection to the Motion of ABBACLE, LLC et. al. ("Movants"), to modify the automatic stay herein ("Motion"). Objector states as follows:

1.      Movants ostensibly seek modification of the automatic stay to permit them to proceed against the Debtor's Business Entities in cases currently pending in Nevada courts. Such relief is inappropriate for two independent reasons.

2.      First, as a legal matter, the automatic stay does not bar any proceedings against the Debtor's Business Entities.  Thus, Movants fail to identify how or why the automatic stay applies to Debtor's Business Entities.  Rather, the Motion simply assumes the automatic stay applies.

3.      However, section 362 of the Bankruptcy Code, by its express terms does not apply to Debtor's Business Entities.  Section 362(a)(2) reads:

"(a) Except as provided in subsection (b) of this section, a petition

filed under section 301, 302, or 303 of this title, or an application filed under

14P3012

1

section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as

a stay, applicable to all entities, of—

> (2) the enforcement, against the debtor or against property of
> the estate, of a judgment obtained before the commencement of the case
> under this title;…". 11U.S.C. §362(a)(2).

Section 362 only enjoins actions against the debtor or against property of the estate.

4.      Movants have no judgment that they seek to enforce against property of the

Debtor's Bankruptcy Estate.  Movants acknowledge in their Motion [Motion ¶10], that the

Trustee has abandoned the Bankruptcy Estate's interest in the Debtor's Business Entities.

[Dkt. No. 76].  Thus, the automatic stay does not prevent any action contemplated in the

Motion.  Further, the Court has previously acknowledged that the automatic stay did not

prevent any proceedings against the Debtor's Business Entities when it denied a protective

order with respect to a deposition of the Debtor on matters exclusively related to Business

Entities.  [Dkt. No. 77].  Accordingly, no modification of the automatic stay is necessary or

appropriate and the Movants' Motion should be denied.

5.      Second, as a practical matter, the relief Movants seek is moot because the

legal proceedings referenced in the Motion have been fully resolved as to all of Debtor's

Business Entities.   The litigation in Nevada state court, captioned *Abbacle, LLC v.*

*American Invsco Corp., et al.* (Eighth Judicial District Court, Case No. A-12-662999-C),

was dismissed against all defendants, except the Debtor personally.  (See Exhibit "1".[1])  No

appeal was taken from that dismissal.  As noted in the dismissal order, the Movants

---

[1] Objector respectfully requests the Court take judicial notice of the Order Granting, in Part, and Denying, in Part, Defendants' Joint Motion to Dismiss Pursuant to NRCP 41(e), filed September 11, 2017, attached hereto as **Exhibit "1"**.

unsuccessfully argued that dismissal was inappropriate because the case had been stayed by these bankruptcy proceedings, which, of course, was not the case.

6.      Objector is particularly concerned, based on the language of the requested relief, that Movants are seeking an order from this Court that suggests that the automatic stay did apply in some respect to the Nevada litigation, and therefore could be improperly used as a basis to challenge the Nevada state court's dismissal order.

7.      In the U.S. District Court, District of Nevada, case captioned *Taddeo v. American Invsco Corp., et al.* (Case No. 2:12-cv-01110-APG-NJK), judgment has been entered and the appeals therefrom have been dismissed.  (See Exhibit "2"[2] and Exhibit "3".[3])  The other cases in the U.S. District Court, District of Nevada, captioned *Courturier v. American Invsco Corp., et al.* (Case No. 2:12-cv-01104-APG-NJK), *Edalatdju v. American Invsco Corp., et al.* (Case No. 2:12-cv-01106-APG-NJK), *Heldt v. American Invsco Corp., et al.* (Case No. 2:12-cv-01107-APG-NJK), *Kosa v. American Invsco Corp., et al.* (Case No. 2:12-cv-01108-APG-NJK), and *Kosa v. American Invsco Corp., et al.* (Case No. 2:12- cv -01111-APG-NJK), were consolidated for discovery and trial, and summary judgment was granted in favor of American Invsco, Condominium Rental Services, Inc., and Koval Flamingo, LLC.  (See Exhibit "4".[4])  The summary judgments

---

[2] Objector respectfully requests the Court take judicial notice of the Second Amended Judgment in a Civil Case, filed May 13, 2016, attached hereto as **Exhibit "2"**.

[3] Objector respectfully requests the Court take judicial notice of the Order dismissing appeals, filed May 5, 2017, attached hereto as **Exhibit "3"**.

[4] Objector respectfully requests the Court take judicial notice of the Order granting judgment, filed November 16, 2016, attached hereto as **Exhibit "4"**.

14P3012

were certified as final and appealable, but no appeal therefrom was taken.  (See Exhibit "5".[5])

8.     Thus, Objector must disagree with Movants' assertion that "the Nevada courts are awaiting resolution of the bankruptcy matters to proceed against the (Debtor's Business Entities)" [Motion ¶6].  All of the cases referenced in Movants' Motion have been fully resolved as to the Debtor's Business Entities.   Objector is also unclear as to what "judgment and enforcement of any judgments against the Debtor's Business Entities" that Movants seem to believe are stayed by these bankruptcy proceedings, particularly considering certain Movants have previously engaged in efforts to collect on the judgments entered in their favor.  (See Dkt No. 77; see also Exhibit "6".[6]).   None of these cases are awaiting resolution of any matter relating to Debtor's Business Entities.   Accordingly, there is no basis for the Court to grant the requested relief, and the Movants' Motion must be denied.

9.     Movants also assert, and Objectors deny, that failure to modify the automatic stay will cause Movants to "suffer irreparable injury, harm, and damage should it be delayed in proceeding with the pending litigation in the Nevada cases." [Motion ¶12] However, Movants fails to say how or why they will suffer such harm.  Based on the Motion, Movants seem to believe (albeit incorrectly) that the Nevada cases been stayed since at least February 2016 [Motion ¶9], so why are Movants now suddenly suffering

---

[5] Objector respectfully requests the Court take judicial notice of the Order Certifying Summary Judgments as Final and Appealable, filed November 16, 2016, attached hereto as **Exhibit "5"**.

[6] Objector respectfully requests the Court take judicial notice of the Certificate of Sale of Real Property, filed November 29, 2016, attached hereto as **Exhibit "6"**.

14P3012

some irreparable injury?  Movants have provided no facts to substantiate its claim of irreparable injury, harm and damage.

10.     Finally, it is particularly disingenuous that Movants now seek to modify the automatic stay notwithstanding that they have been actively litigating these cases to judgment during the pendency of Debtor's case without any such modification. Exhibits 1-6 were all entered in the Nevada litigation after the commencement of this case and without modification of the automatic stay herein.  Thus, it is absurd for Movants to now assert that the automatic stay prevents them prosecuting the Nevada cases, when their actions over the last two years clearly demonstrate that they did not believe that to be the case.

WHEREFORE, American Invsco Corporation respectfully requests that this Court enter an Order denying the Motion of Abbacle, LLC, et. al, seeking to modify the automatic stay herein, finding that the Debtor's Business Entities are not subject to the automatic stay, finding that such relief is moot and granting American Invsco Corporation such other, further, and different relief as this Court deems just and proper.

Respectfully submitted,
**American Invsco Corporation**


By:     /s/Richard H. Fimoff
                One of its attorneys



Richard H. Fimoff (804886)
Robbins, Salomon & Patt, Ltd.
180 North LaSalle Street, Suite 3300
Chicago, Illinois 60601
(312) 782-9000
rfimoff@rsplaw.com

14P3012

# EXHIBIT 1

Electronically Filed
9/11/2017 11:25 AM
Steven D. Grierson
CLERK OF THE COURT

**ORDR**
David A. Carroll, Esq. (NSB #7643)
dcarroll@rrsc-law.com
Anthony J. DiRaimondo, Esq. (NSB #10875)
adiraimondo@rrsc-law.com
**RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
Telephone: (702) 732-9099
Facsimile: (702) 732-7110
*Attorneys for American Invsco Corporation, Nicholas Gouletas,*
*And Condominium Rental Services, Inc.*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| ABBACLE, LLC, a Nevada limited-liability company; et al., | Case No. A-12-662999-C |
| Plaintiffs, | Dept. No. 13 |
| vs. | |
| AMERICAN INVSCO CORPORATION, a Delaware Corporation; NICHOLAS GOULETAS; KOVAL FLAMINGO, LLC, a Nevada limited-liability company; CONDOMINIUM RENTAL SERVICES, INC., an Illinois corporation; REBEKAH DESMET, an individual; DOES 1-1000; and ROE ENTITIES 1-1000, | **ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' JOINT MOTION TO DISMISS PURSUANT TO NRCP 41(e)**<br><br>**Hearing Date: July 17, 2017**<br><br>**Hearing Time: 9:00 a.m.** |
| Defendants. | |

On July 17, 2017, at 9:00 a.m., before the Honorable Mark R. Denton, Eighth Judicial District Court Dept. XIII, the following matter came on for hearing: Defendants' Joint Motion To Dismiss Pursuant To NRCP 41(e) ("Motion to Dismiss"), which was filed on June 15, 2017 by Defendants American Invsco Corporation ("AIC"), Condominium Rental Services, Inc. ("CRS"), Koval Flamingo, LLC ("Koval"), and Meridian Private Residences CH, LLC ("Meridian").[1]

---

[1] AIC, CRS, Koval, and Meridian are collectively referred to herein as the "Moving Defendants." The Motion to Dismiss was not filed on behalf of Defendant Nicholas Gouletas because there is a bankruptcy stay applicable to him only. (*See* Notice of Filing of Bankruptcy Petition, filed with the Court on January 19, 2016.)

1

RECEIVED
SEP 0 5 2017
DISTRICT COURT DEPT #13

1  Defendant Rebekah Desmet filed a Joinder to the Motion to Dismiss on June 19, 2017. Plaintiffs

2  filed an Opposition on June 30, 2017. The Moving Defendants filed their Reply on July 10, 2017.

3  At hearing, the following appearances were made: (1) David A. Carroll, Esq. and Anthony

4  J. DiRaimondo, Esq. appeared on behalf of AIC and CRS; (2) Kenneth B. Morgan, Esq. appeared

5  on behalf of Koval; (3) Lawrence J. Semenza III, Esq. appeared on behalf of Meridian; (4)

6  Kristina S. Holman, Esq. appeared on behalf of Desmet; and (5) Michael R. Mushkin, Esq.

7  appeared on behalf of Plaintiffs. After hearing oral argument on the Motion to Dismiss, the Court

8  took the matter under advisement.

9  On July 25, 2017, the Court entered an Interim Order seeking supplemental briefing on the

10  following issue: "whether a bankruptcy stay transcends an individual debtor's bankruptcy to also

11  be operative as to entity defendants where veil piercing is sought, as is the case in this action (*see*

12  *e.g., Adler v. Ng (In re Adler)*, 518 B.R. 228, 246-50 (E.D.N.Y. 2014)." (Interim Order at 1:18-

13  22.) Plaintiffs filed their Supplemental Brief on August 4, 2017. The Moving Defendants also

14  filed their Supplement on August 4, 2017, to which Defendant Desmet filed a Joinder on August

15  4, 2017.

16  On August 18, 2017, the Court entered its Decision setting forth its intended disposition

17  granting, in part, and denying, in part, the Moving Defendants' Motion to Dismiss and the Joinder

18  thereto and directing the Moving Defendants' counsel to submit a formal Order to the Court for

19  signature in order to make disposition effective.

20  ## FINDINGS AND CONCLUSIONS

21  In its Decision, the Court made the following findings and conclusions of law:

22  *Nevada's Five Year Rule Compels Dismissal Of Plaintiff's Amended Complaint*

23  *As It Relates To The Moving Defendants And Defendant Desmet*

24  1.      Nevada's Five Year Rule for dismissal under NRCP 41(e) has been strictly

25  construed. The rule itself references the requirement of bringing the case to trial within the

26  allotted time or a written stipulation on the part of the parties to extend time. Bringing a case to

27  trial has been construed to include a situation where summary judgment has been entered within

28  the time period, *Monroe v. Columbia Sunrise Hosp. & Med. Ctr.*, 123 Nev. 96, 158 P.3d 1008

RICE REUTHER SULLIVAN & CARROLL, LLP
3800 Howard Hughes Pkwy., Suite 1200
Las Vegas, Nevada 89169
(702) 732-9099

2

RICE REUTHER SULLIVAN & CARROLL, LLP
3800 Howard Hughes Pkwy, Suite 1200
Las Vegas, Nevada 89169
(702) 732-9009

1  (2007), and where binding settlements have been reached, *Power Co. v. Henry*, 130 Nev. Adv. Op.

2  21, 321 P.3d 858 (2014).  Under EDCR 7.50 and DCR 16, the written stipulation exception has

3  permitted an oral agreement to constitute, in effect, a qualifying stipulation where the stipulation is

4  reflected in the minutes of the Court in the form of an order.

5       2.     In this case, trial never began and nothing foreclosing the need for trial ever

6  occurred, and there is no actual written stipulation waiving or tolling the Five Year Rule.

7  Moreover, the Minutes of the Proceedings of January 25, 2016 do not amount to compliance with

8  EDCR 7.10/DCR 16.  They vacate the trial setting then in place, but do not extend or toll the Five

9  Year Rule.  Moreover, the transcript of those proceedings shows that, when the Court questioned

10  counsel about staying the proceedings in this case, the ultimate result was only that trial would be

11  vacated, not that further proceedings would be stayed, and that the Court would ". . . wait to hear

12  further as to what is going to happen relative to the bankruptcy . . . ."  (RT, p. 6, l. 25 – p. 7, l. 1.)

13       3.     On the subject of whether Defendant Gouletas's bankruptcy functioned to stay the

14  case as to the other non-debtor defendants, the Court is persuaded by the position of the Moving

15  Defendants set forth in their Supplement, including, but not limited to, that Defendant Gouletas's

16  bankruptcy petition resulted in an automatic stay applicable to him only, that it did not

17  automatically result in any protection for the non-debtor co-defendants in this case (of which

18  Defendant Gouletas is alleged to be the alter ego), that such protection would only have been

19  available to the non-Gouletas Defendants by virtue of an order extending the stay, that only the

20  bankruptcy court would have jurisdiction to enter such an order, and that no such order exists.

21       4.     In light of the foregoing, the Court will GRANT the Motion to Dismiss and Joinder

22  IN PART to the extent that they seek dismissal of Plaintiff's Amended Complaint as it pertained

23  to the Moving Defendants and Defendant Desmet.

24                                 ***The Dismissal Is "Without Prejudice"***

25       5.     However, in dismissing an action pursuant to NRCP 41(e), the Court is not

26  obligated to dismiss with prejudice where a case has not fully ripened or where adequate cause for

27  delay has been shown.  *Home Sav. Ass'n v. Aetna Cas. & Sur. Co.*, 109 Nev. 558, 854 P.2d 851

28  (1993).

1    6.    In this case, the Court is persuaded by Plaintiffs' position that there has been

2    adequate cause shown for delay. In fact, at one point, Defendant Gouletas, represented by the

3    same counsel as certain Moving Defendants, was maintaining in a brief filed in the U.S. District

4    Court for the District of Nevada in the *Taddeo* action on February 1, 2016, that the automatic

5    bankruptcy stay applies to an affiliate of the bankruptcy debtor when the claim against it is based

6    upon the alter ego theory. (*See* Ex. 16 to Plaintiffs' Opposition – "Nicholas Gouletas's

7    Supplement to Reply in Support of Motion to Quash Subpoenas and for Protective Order

8    Regarding December 9, 2015, Deposition Reply to Plaintiffs' Opposition (DKT # 305)," filed

9    February 1, 2016, U.S. District Court District of Nevada, Case No. 2:12-cv-01110-APG-NJK, pp.

10    9-10.) The Court is not suggesting that Defendants misled Plaintiffs or that they did not have a

11    good-faith understanding at that time of the effect of the bankruptcy that they have now

12    reexamined, but only to point out that, given the complexity of this case and miscellaneous

13    representations and understandings reached between counsel during its history about the need to

14    put it into a position for trial, dismissal of the action should be without prejudice.

15    7.    In light of the foregoing findings, the Court will DENY the Motion to Dismiss and

16    Joinder IN PART to the extent they seek dismissal with prejudice, and the Court will further order

17    that the dismissal be without prejudice.

18    <u>**ORDER**</u>

19    Having considered the Motion to Dismiss, the Joinder, the Opposition, Reply, and

20    Supplemental Briefs as well as the oral argument at hearing, and having made the above findings

21    and conclusions,

22    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Moving Defendants'

23    Motion to Dismiss and Joinder thereto are GRANTED, in part, to the extent they seek dismissal of

24    Plaintiffs' Amended Complaint against the Moving Defendants and Defendant Desmet.

25    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Moving

26    Defendants' Motion to Dismiss and Joinder are DENIED, in part, to the extent they seek dismissal

27

28

RICE REUTHER SULLIVAN & CARROLL, LLP
3800 Howard Hughes Pkwy., Suite 1200
Las Vegas, Nevada 89169
(702) 732-9099

4

with prejudice, and the dismissal hereby ordered is without prejudice.

**IT IS SO ORDERED.**

Dated this 7th day of _September_, 2017.

_____
DISTRICT JUDGE MARK R. DENTON

<u>Prepared and submitted by:</u>

**RICE REUTHER SULLIVAN & CARROLL, LLP**

By: _____
Anthony J. DiRaimondo, Esq. (NSB #10875)
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
*Attorneys for American Invsco Corporation, Nicholas Gouletas,
And Condominium Rental Services, Inc .*

**CAMPBELL MORGAN**

By: _____
Kenneth B. Morgan, Esq. (*Pro Hac Vice*)
180 High Oak Drive Suite 202
Bloomfield Hills, MI 48304
*Attorneys for Defendant Koval Flamingo, LLC*
-and-
Michael N. Feder, Esq. (NSB # 7332)
Dickinson Wright PLLC
8363 West Sunset Rd., Suite 200
Las Vegas, Nevada 89113

**SEMENZA KIRCHER RICKARD**

By: _____
Lawrence J. Semenza, III, Esq., (NSB # 7174)
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
*Attorneys for Defendant Meridian Private Residences CH, LLC*

**KRISTINA S. HOLMAN**

By: _____
Kristina S. Holman (NSB # 3742)
3470 E. Russell Road, Suite 202
Las Vegas, Nevada 89120
*Attorneys for Defendant Desmet*

*[Signatures of counsel continued on following page]*

RICE REUTHER SULLIVAN & CARROLL, LLP
3800 Howard Hughes Pkwy, Suite 1200
Las Vegas, Nevada 89169
(702) 732-9099

1   with prejudice, and the dismissal hereby ordered is without prejudice.

2           **IT IS SO ORDERED.**

3           Dated this ___ day of _____, 2017.

4

5                                                    _____
                                                     **DISTRICT JUDGE MARK R. DENTON**

6   <u>Prepared and submitted by:</u>

7   **RICE REUTHER SULLIVAN & CARROLL, LLP**

8   By: _____
         Anthony J. DiRaimondo, Esq. (NSB #10875)
9        3800 Howard Hughes Parkway, Suite 1200
         Las Vegas, Nevada 89169
10       *Attorneys for American Invsco Corporation, Nicholas Gouletas,*
         *And Condominium Rental Services, Inc .*
11
    **CAMPBELL MORGAN**
12
13  By: *Kenneth B. Morgan*
         _____
         Kenneth B. Morgan, Esq. (*Pro Hac Vice*)
14       180 High Oak Drive Suite 202
         Bloomfield Hills, MI 48304
15       *Attorneys for Defendant Koval Flamingo, LLC*
         -and-
16       Michael N. Feder, Esq. (NSB # 7332)
         Dickinson Wright PLLC
17       8363 West Sunset Rd., Suite 200
         Las Vegas, Nevada 89113
18
    **SEMENZA KIRCHER RICKARD**
19
20  By: _____
         Lawrence J. Semenza, III, Esq., (NSB # 7174)
21       10161 Park Run Drive, Suite 150
         Las Vegas, Nevada 89145
22       *Attorneys for Defendant Meridian Private Residences CH, LLC*

23  **KRISTINA S. HOLMAN**

24
25  By: _____
         Kristina S. Holman (NSB # 3742)
26       3470 E. Russell Road, Suite 202
         Las Vegas, Nevada 89120
27       *Attorneys for Defendant Desmet*

28                  *[Signatures of counsel continued on following page]*

5

1   with prejudice, and the dismissal hereby ordered is without prejudice.

2       **IT IS SO ORDERED.**

3       Dated this ____ day of _____, 2017.

4
                                    _____
5                                   **DISTRICT JUDGE MARK R. DENTON**

6   <u>**Prepared and submitted by:**</u>

7   **RICE REUTHER SULLIVAN & CARROLL, LLP**

8   By: _____
9       Anthony J. DiRaimondo, Esq. (NSB #10875)
        3800 Howard Hughes Parkway, Suite 1200
10      Las Vegas, Nevada 89169
        *Attorneys for American Invsco Corporation, Nicholas Gouletas,*
        *And Condominium Rental Services, Inc .*
11
    **CAMPBELL MORGAN**
12

13  By: _____
14      Kenneth B. Morgan, Esq. (*Pro Hac Vice*)
        180 High Oak Drive Suite 202
        Bloomfield Hills, MI 48304
15      *Attorneys for Defendant Koval Flamingo, LLC*
        -and-
16      Michael N. Feder, Esq. (NSB # 7332)
        Dickinson Wright PLLC
17      8363 West Sunset Rd., Suite 200
        Las Vegas, Nevada 89113
18
    **SEMENZA KIRCHER RICKARD**
19

20  By: _____
21      Lawrence J. Semenza, III, Esq. (NSB # 7174)
        10161 Park Run Drive, Suite 150
        Las Vegas, Nevada 89145
22      *Attorneys for Defendant Meridian Private Residences CH, LLC*

23  **KRISTINA S. HOLMAN**

24
25  By: _____
        Kristina S. Holman (NSB # 3742)
26      3470 E. Russell Road, Suite 202
        Las Vegas, Nevada 89120
27      *Attorneys for Defendant Desmet*

28          *[Signatures of counsel continued on following page]*

                            5

RICE REUTHER SULLIVAN & CARROLL, LLP
3800 Howard Hughes Pkwy, Suite 1200
Las Vegas, Nevada 89169
(702) 732-9099

1   with prejudice, and the dismissal hereby ordered is without prejudice.

2       **IT IS SO ORDERED.**

3       Dated this ___ day of _____, 2017.

4
                                        _____
5                                       **DISTRICT JUDGE MARK R. DENTON**

6   <u>Prepared and submitted by:</u>

7   **RICE REUTHER SULLIVAN & CARROLL, LLP**

8   By: _____
       Anthony J. DiRaimondo, Esq. (NSB #10875)
9      3800 Howard Hughes Parkway, Suite 1200
       Las Vegas, Nevada 89169
10     *Attorneys for American Invsco Corporation, Nicholas Gouletas,*
       *And Condominium Rental Services, Inc .*
11
    **CAMPBELL MORGAN**
12

13  By: _____
       Kenneth B. Morgan, Esq. (*Pro Hac Vice*)
14     180 High Oak Drive Suite 202
       Bloomfield Hills, MI 48304
15     *Attorneys for Defendant Koval Flamingo, LLC*
       -and-
16     Michael N. Feder, Esq. (NSB # 7332)
       Dickinson Wright PLLC
17     8363 West Sunset Rd., Suite 200
       Las Vegas, Nevada 89113
18
    **SEMENZA KIRCHER RICKARD**
19

20  By: _____
       Lawrence J. Semenza, III, Esq., (NSB # 7174)
21     10161 Park Run Drive, Suite 150
       Las Vegas, Nevada 89145
22     *Attorneys for Defendant Meridian Private Residences CH, LLC*

23  **KRISTINA S. HOLMAN**

24
25  By: _____
       Kristina S. Holman (NSB # 3742)
26     3470 E. Russell Road, Suite 202
       Las Vegas, Nevada 89120
27     *Attorneys for Defendant Desmet*

28          *[Signatures of counsel continued on following page]*

RICE REUTHER SULLIVAN & CARROLL, LLP
3800 Howard Hughes Pkwy, Suite 1200
Las Vegas, Nevada 89169
(702) 732-9099

1    *Check One [ ✓ Approved / [    ] NOT Approved as to form and content by:*

2    **MICHAEL R. MUSHKIN & ASSOCIATES**

3    By: _____
     Michael R. Mushkin, Esq. (NSB # 2421)

4    4475 S. Pecos Road
     Las Vegas, NV 89121

5    *Attorneys for Plaintiffs*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RICE REUTHER SULLIVAN & CARROLL, LLP
3800 Howard Hughes Pkwy, Suite 1200
Las Vegas, Nevada 89169
(702) 732-9099

# EXHIBIT 2

✎ AO450 (Rev. 5/85)   Judgment in a Civil Case

# UNITED STATES DISTRICT COURT

DISTRICT OF                    Nevada

Frank Taddeo, et al.,

### SECOND AMENDED
### JUDGMENT IN A CIVIL CASE

                              Plaintiffs,

V.

American Invsco Corporation, et al.,                    Case Number:  2:12-cv-01110-APG-NJK

                              Defendants.

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

☐ **Notice of Acceptance with Offer of Judgment.**  A notice of acceptance with offer of judgment has been filed in this case.

  IT IS ORDERED AND ADJUDGED

that the Taddeos' total award, including the jury verdict, attorney's fees, prejudgment interest, and taxable costs is as follows:

Against Koval:

$68,000 breach of contract damages
$304,424.00 fraudulent concealment damages
$456,636.00 punitive damages
$131,493.15 attorney's fees
$17,400 prejudgment interest on the breach of contract claim
$90,989.41 prejudgment interest on the fraudulent concealment claim
$4,620.57 costs
$1,073,563.13 Total amount against Koval

Against American Invsco:

$304,424.00 fraudulent concealment damages
$456,636.00 punitive damages
$90,989.41 prejudgment interest on the fraudulent concealment claim
$4,620.57 costs
$856,669.98 Total amount against American Invsco

|   May 13, 2016   | /s/ Lance S. Wilson |
|---|---|
| Date | Clerk |
|  | /s/ TR |
|  | (By) Deputy Clerk |

# EXHIBIT 3

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 05 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANK TADDEO and AMELIA
TADDEO,

    Plaintiffs - Appellees,

 v.

AMERICAN INVSCO
CORPORATION,

    Defendant - Appellant,

 and

NICHOLAS GOULETAS; et al.,

    Defendants.

No. 15-16643

D.C. No. 2:12-cv-01110-APG-NJK
U.S. District Court for Nevada, Las
Vegas

**ORDER**

FRANK TADDEO and AMELIA
TADDEO,

    Plaintiffs - Appellees,

 v.

KOVAL FLAMINGO, LLC,

    Defendant - Appellant,

 and

No. 15-16644

D.C. No. 2:12-cv-01110-APG-NJK
U.S. District Court for Nevada, Las
Vegas

AMERICAN INVSCO
CORPORATION; et al.,

        Defendants.

---

FRANK TADDEO; et al.,

        Plaintiffs - Appellants,

  v.

AMERICAN INVSCO
CORPORATION,

        Defendant - Appellee,

KOVAL FLAMINGO, LLC,

        Defendant - Appellee,

 and

NICHOLAS GOULETAS; et al.,

        Defendants,

AMERICAN INVSCO
CORPORATION; et al.,

        Defendants.

No. 15-16751

D.C. No. 2:12-cv-01110-APG-NJK
U.S. District Court for Nevada, Las
Vegas

    A review of the file in these cases reveals that counsel has failed to perfect
the appeal as prescribed by the Federal Rules of Appellate Procedure.

    Pursuant to Ninth Circuit Rule 42-1, these appeals are dismissed for failure
to file the consolidated and first cross appeal brief on appeal in these cases.

Counsel for appellants is directed to notify immediately his/her clients in writing

regarding this dismissal.

This order served on the district court shall constitute the mandate of this

court.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Estela Urrutia
Deputy Clerk
Ninth Circuit Rule 27-7

# EXHIBIT 4

✎AO450 (Rev. 5/85)   Judgment in a Civil Case

# UNITED STATES DISTRICT COURT

_____   DISTRICT OF   _____Nevada_____

Bruce Couturier, et al.,

                              Plaintiffs,                    **JUDGMENT IN A CIVIL CASE**

                    V.

American Invsco Corporation, et al.,                    Case Number:  2:12-cv-01104-APG-NJK

                              Defendants.

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has
rendered its verdict.

☒ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and  a
decision has been rendered.

☐ **Notice of Acceptance with Offer of Judgment.**  A notice of acceptance with offer of judgment has been filed in this
case.

  IT IS ORDERED AND ADJUDGED

that final judgment is entered in favor of defendants Koval Flamingo, LLC, American Invsco Corporation, and
Condominium Rental Services, Inc. and against the plaintiffs.

         November 16, 2016                     /s/ Lance S. Wilson
_____                _____
   Date                                        Clerk

                                             /s/ S. Denson
                                             _____
                                               (By) Deputy Clerk

**EXHIBIT 5**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

|  |  |
|---|---|
| BRUCE COUTURIER and ELEANOR COUTURIER,-, | Case No. 2:12-cv-01104-APG-NJK |
| Plaintiffs, | Consolidated (for discovery) with Case Nos.: 2:12-cv-1106-APG-NJK 2:12-cv-1107-APG-NJK |
| v. | 2:12-cv-1108-APG-NJK 2:12-cv-1110-APG-NJK |
| AMERICAN INVSCO, *et al.*, | 2:12-cv-1111-APG-NJK |
| Defendants. | |
|  | **ORDER CERTIFYING SUMMARY JUDGMENTS AS FINAL AND APPEALABLE** |

I previously entered summary judgment in favor of defendants Koval Flamingo, LLC, American Invsco Corporation, and Condominium Rental Services, Inc. by the following orders:

2:12-cv-1104: ECF No. 222

2:12-cv-1106: ECF No. 180

2:12-cv-1107: ECF No. 179

2:12-cv-1108: ECF No. 178

2:12-cv-1111: ECF No. 169

The plaintiffs in these cases have asked me to certify my orders granting summary judgment as final and appealable so they may pursue their appeals. Pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason to delay entry of judgment upon my prior orders.

IT IS HEREBY ORDERED that final judgment be entered in favor of defendants Koval Flamingo, LLC, American Invsco Corporation, and Condominium Rental Services, Inc. and against the plaintiffs in each of these cases.

DATED this 15th day of November, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

# EXHIBIT 6

1  Michael R. Mushkin, Esq. (NSB #2421)
   Michael R. Mushkin & Associates
2  4475 S. Pecos Road
   Las Vegas, Nevada 89121
3  T: (702) 386-3999 / F: (702) 454-3333
4  E: Michael@mushlaw.com

5  William H. Gamage, Esq. (NSB #9024)
   Amy M. Gamage, Esq. (NSB #9304)
6  Gamage & Gamage
7  231 S. Third Street, Suite 285
   Las Vegas, Nevada 89101
8  T: (702) 386-9529 / F: (702) 382-9529
   E: wgamage@gamagelaw.com
9  agamage@gamagelaw.com

10 *Attorneys for Judgment Creditors*

11            **UNITED STATES DISTRICT COURT**

12               **DISTRICT OF NEVADA**

13

14 FRANK TADDEO and AMELIA TADDEO,          Case No. 2:12-cv-01110-APG-NJK

15            Plaintiffs,                    Removed from Eighth District Court Clark
                                             County; Case No. 08-A-572374
16 vs.
                                             Formerly Case No.: 2:08-cv-01463
17 AMERICAN INVSCO CORPORATION, et al.,      Bifurcated and Consolidated with the
                                             following Cases for Discovery Purposes:
18            Defendants.                    2:12-cv-01104-AJG-NJK
                                             2:12-cv-01106-AJG-NJK
19                                           2:12-cv-01107-AJG-NJK
                                             2:12-cv-01108-AJG-NJK
20                                           2:12-cv-01111-AJG-NJK
21                                           Trial: August 12, 2014

22           **CERTIFICATE OF SALE OF REAL PROPERTY**

23        Under, and by virtue of a writ of execution issued on a Second Amended Judgment

24 entered out of the above-entitled court on May 20, 2016, in favor of Frank Taddeo and Amelia

25 Taddeo, Plaintiffs and Judgment Creditors, and against Koval Flamingo, LLC, Defendant and

26 Judgment Debtor, the undersigned was commanded to satisfy such judgment, together with

27 interest and costs, out of the real property belonging to Koval Flamingo, LLC, all of which more

28 fully appears from such writ of execution.

                              1

I, Heather Ebneter, do hereby certify that I have levied on, and on August 17, 2016, at approximately 10:01 a.m., caused to be sold at public auction on the front steps of the United States Federal Courthouse, located at 333 S. Las Vegas Boulevard, Las Vegas, Nevada 89101, and according to the statutes of the State of Nevada, and after due and legal notice, all the rights, title and interest of Koval Flamingo, LLC in and to the following described real property located in the County of Clark, State of Nevada:

**APN 162-16-810-374**

Described as:

PARCEL I:

Unit 327 ("unit") in building 3 ("building") as shown on the final plat of the meridian at Hughes center, filed in book 49 of plats, page 40, in the official records of the county recorder, Clark county, Nevada ("plat"), and as defined and set forth in and subject to that certain declaration of covenants, conditions and restrictions for the meridian at Hughes center, recorded June 1, 2005 as instrument no. 0001551 in book 20050601, official records, Clark county, Nevada ("the meridian at Hughes center declaration").

PARCEL II:

Together with an undivided allocated fractional interest in and to the general common elements, as set forth in, and subject to, the plat and the meridian at Hughes center declaration.

PARCEL III:

Together with an exclusive interest in and to those limited common elements, if any, appurtenant to the unit, as set forth in, and subject to, the plat and the meridian at Hughes center declaration.

PARCEL IV:

Together with a non-exclusive easement of reasonable ingress to and egress from the unit, and of enjoyment of the general common elements, as set forth in, and subject to, the plat and the meridian at Hughes center declaration.

Commonly known as:

230 E. Flamingo Road, # 311, Las Vegas, Nevada 89169

2

1  That all the interest of Koval Flamingo, LLC was purchased for the sum of Seventy Thousand

2  Dollars and Zero Cents ($70,000.00) by Michael R. Mushkin, Esq. of the law firm Michael R.

3  Mushkin & Associates, counsel for and as agent and on behalf of Judgment Creditors Frank

4  Taddeo and Amelia Taddeo, which was the highest bid. The real property as stated herein is

5  subject to redemption for one year commencing August 17, 2016 for the full purchase price plus

6  one percent (1%) per month pursuant to NRS 21.210.

7      I declare under penalty of perjury under the law of the State of Nevada that the foregoing

8  is true and correct.

9      DATED this 28th day of November, 2016.

10                                             Nevada Legal Support Services LLC

11

12

13                                             Heather Ebneter, R-060516
                                               930 S. 4th Street, Suite 200
14                                             Las Vegas, Nevada 89101
                                               (702) 382-1747
15                                             NV License #1711

16

17  STATE OF NEVADA    )
                       ) ss:
18  COUNTY OF CLARK    )

19      On this 28th day of November, 2016, personally appeared before me, a

20  Notary Public, HEATHER EBNETER, known or proved to me to be the person who executed the

21  foregoing *Certificate of Sale of Real Property*, and who acknowledged to me that she did so freely

22  and voluntarily and for the uses and purposes herein stated.

23

24  SUBSCRIBED AND SWORN TO BEFORE
    me this 28th of November, 2016.

25

26

27  NOTARY PUBLIC, in and for said County and State

28

NOTARY PUBLIC
R. QUALLS
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. MAR. 22, 2020
No: 12-7364-1

3